THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY WEIS, Appellant.— Judgment of the County Court, Westchester County, rendered February 16, 1967, convicting defendant of murder and robbery, both in the first degree, on a jury verdict, and imposing sentence, reversed, on the law and the facts, and new trial granted. The case against appellant, Weis, who was tried jointly with another, was based wholly on circumstantial evidence, which was not of such a nature as to exclude every other reasonable hypothesis but that of guilt, and was not inconsistent with his innocence. The evidence against him consisted almost entirely of his implied admissions by acquiescence to statements allegedly made by his codefendant, Maselli, as testified to by Weis' wife. There was testimony as to the presence of human blood on a shoe he was said to have worn the night of the crime. However, this was the result of a laboratory examination made of the shoes that were removed from Weis on the day of his arrest some two and a half months after the commission of the crime. There was also testimony adduced designed to link him with a knife that was found at the scene. The knife, however, was never specifically identified as his. There was no evidence that he had ever been observed at or near the scene of the crime. To sustain a conviction for murder in the first degree based on circumstantial evidence, proof must point logically to the defendant's guilt and exclude to a moral certainty every other reasonable hypothesis; and proven facts must not only be consistent with his guilt but must be inconsistent with his innocence (*People* v. *Harris,* 306 N. Y. 345; *People* v. *Taddio,* 292 N. Y. 488; *People* v. *Weiss,* 290 N. Y. 160). In addition, the District Attorney in the course of his summation made deliberate and prejudicial references to statements attributed to the codefendant and implicating Weis, statements which had been made out of his presence and which were inadmissible as evidence against him. In the circumstances, peculiar to this case, we think that Weis' motion for a separate trial should have been granted (cf. *Bruton* v. *United States,* 391 U. S. 123). Christ, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Martuscello, J., concurs, with the following memorandum: I vote for reversal and a new trial for the reasons set forth in the majority's memorandum and also because the trial judge erred when, over objection by appellant, Weis, he (1) allowed into evidence the "hush puppy" shoes and the fishing knife and (2) permitted Weis' wife, as a witness for the People, to testify to a conversation had with the codefendant, Maselli, on March 18, 1966. The errors thus committed were prejudicial. They are more fully discussed in my dissenting memorandum in *People* v. *Maselli* (30 A D 2d 871).